In the Matter of the Probate of a Codicil to the Will of ADELE PRYLL, Deceased.

Surrogate's Court, New York County, September 13, 1951.

*Alice Dillingham* for Elizabeth Otey and another, proponents.

*Le Roy E. Rodman* and *Marvin Usdin* for Richard G. Pohl, as administrator *c. t. a.* of Hilde Kalinowsky, deceased, contestant.

*Irving H. Saypol, United States Attorney for the Southern District of New York* (*Lawrence C. Greene* and *Ethel Davidson* of counsel), for J. Howard McGrath, Attorney General of the United States, respondent.

COLLINS, S. In this proceeding there is offered for probate as a codicil to the will of deceased a paper writing in the form of a letter addressed by the testatrix to the proponent. For the purpose of decision the objectant has conceded that at the time the letter was composed and signed by the testatrix she was residing in Yeadon, Pennsylvania. It is also conceded that under the law of Pennsylvania the writing, if testamentary in character, was executed in a manner entitled to be declared a testamentary disposition of deceased's property under the law of the State of her residence.

With the issues thus narrowed by the concessions of the objectants, the court is required only to determine whether in fact the paper was dispositive in intent and whether it possessed the characteristics of a testamentary instrument. This is the

test prescribed by the Pennsylvania cases (*Matter of Tyson*, 336 Pa. 497; *Matter of Baer*, 11 Pa. Dist. R. 471; *Stein* v. *North*, 3 Yeates [Pa.] 324). The proponent has failed to establish the existence of these conditions in respect of the propounded paper.

The text upon which the proponent relies has been translated from the German in which it was written as follows: " One thing I would just like to mention today: Since one never knows when one will be called away, I have made a provision that you shall receive after my death my diamond brooch with the large stone in the middle and smaller stones (sketch of brooch) and Miss Elizabeth an oval diamond ring (sketch of ring) ' a memento '. I deem it advisable that you be informed about this. I have also left to Dr. Stocking a ring with a very good large stone."

Plainly in and of itself this letter was not intended by deceased to take effect as a posthumous disposition of her property. She refers to the fact that she has " made a provision that you shall receive after my death " the property which she describes. The will, which has been admitted to probate, did not in fact carry out this intention. It may be that the testatrix proposed to make such a disposition as contended for by the proponents. The fact remains that she did not.

Unless the letter in and of itself can be regarded as an act carrying into effect the intention of the testatrix to make a testamentary disposition of her property, it is not entitled to probate under the Pennsylvania cases. As the court said in *Matter of Lilley* (11 Pa. D. & C. 183 at p. 185): " But it does not follow that every paper which expresses an intention of what is to be done with the writer's property after his death is for that reason legally testamentary. The paper itself must first disclose of itself that it was intended to operate as a will ".

For the reasons stated, the propounded paper is denied admission to probate.

Submit decree on notice.